UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:24-CR-00018-DCLC-CRW |
| v. | ) | |
| RIHANNA BUDDI, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is currently set for a sentencing hearing on September 26, 2024. Defendant filed Objections to the Presentence Investigation Report ("PSR") [Doc. 22], which the United States Probation Office ("USPO") addressed in an Addendum to the PSR [Doc. 24] and to which the United States ("the Government") responded [Doc. 33]. The Court heard oral argument on the objections and requested additional briefing. Thus, Defendant filed a supplemental brief [Do. 40] and the Government responded [Doc. 41]. For the reasons stated herein, Defendant's objections are **OVERRULED**.

I.    **BACKGROUND**

On March 27, 2024, Defendant pleaded guilty to the sole count contained in the Indictment: failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) [*See* Docs. 1, 11, 13]. In support of her guilty plea, Defendant agreed and stipulated to the following: she "is a sex offender who is required to register in compliance with [the Sex Offender Registration and Notification Act ('SORNA')], following a conviction for Lewd or Lascivious Battery and Transmission of Material Harmful to a Minor, in Clay County, Florida on February 6, 2017"; she moved to Bulls Gap, Tennessee on December 17, 2023; and she "knowingly failed to register as a sex offender in

1

Tennessee and knowingly failed to properly notify Florida of her move to Tennessee in accordance with SORNA" [Doc. 12, ¶¶ (a), (g) (i)].

On June 17, 2024, the USPO prepared and disclosed a PSR [Doc. 16] which, among other things, classified Defendant as a Tier II sex offender based on her Florida convictions [*Id*. at ¶ 19] and proposed various special conditions of supervision specific to sex offenders [*Id*. at ¶ 69]. Defendant objects to the Tier II classification and the resultant offense levels, arguing that she should be classified as a Tier I offender with a base offense level of 12 [Doc. 22, pg. 1]. Defendant also objects to the proposed special condition of supervision requiring submission to a psychosexual assessment [*Id*. at pg. 10]. Finally, Defendant objects to various facts contained in the PSR, including the date she was taken into custody, name misspellings, and pending charges, none of which impact the Guideline range [*Id*. at pgs. 10–13]. Each of Defendant's objections are examined in turn.

## II. ANALYSIS

Defendant's foremost objection is that she should be classified as a Tier I offender under SORNA [Doc. 22, pg. 1]. A Tier I offender means a sex offender other than a Tier II or Tier III. 34 U.S.C. § 20911(2). Neither party asserts Defendant is a Tier III sex offender. Thus, the analysis focuses on whether Defendant is properly classified at Tier II. If not, she must be Tier I.

Defendant is properly classified as a Tier II offender if she has been convicted of a felony sex offense that is "comparable to or more severe than…coercion and enticement (as described in section 2422(b) of Title 18…." 34 U.S.C. § 20911(3)(A).[1] To determine whether the offenses are comparable, the Court must apply the categorical approach. *See United States v. Barcus*, 892 F.3d

---

[1] There are three additional ways a sex offender could be classified as a Tier II offender, but the Court will focus only on this one as this is the comparable offense the Government argues makes Defendant a Tier II sex offender.

2

228, 231–32 (6th Cir. 2018). That is, "'if the crime of conviction . . . covers *any* more conduct' than the federal offense, the two crimes are not comparable under SORNA." *United States v. Barcus*, 892 F.3d 228, 233 (6th Cir. 2018). In making this determination, the Court must "focus on the minimum conduct criminalized by the state statute." *United States v. Southers*, 866 F.3d 364, 367 (6th Cir. 2017) (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)). If the state statute "sweep[s] more broadly" than the federal statute, the offenses are not comparable. *Barcus*, 892 F.3d at 232 (quoting *Descamps v. United States*, 570 U.S. 254, 261 (2013)).

Under Florida law, a person commits the offense of lewd or lascivious behavior by (1) "[e]ngaging in sexual activity with a person 12 years of age or older but less than 16 years of age"; or (2) "[e]ncouraging, forcing, or enticing any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity." Fla. Stat. Ann. § 800.04(a). The purportedly comparable federal analogue provides "[w]hoever knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life." 18 U.S.C. § 2422(b).

Applying the categorical approach, Fla. Stat. Ann. § 800.04(a) is unquestionably comparable to coercion and enticement under § 2422(b). That is, § 800.04(a) does not cover any more conduct than 18 U.S.C. § 2422(b). Defendant argues that the category of sexual activity that can be coerced or enticed under § 800.04(a) is broader than that which can be coerced or enticed under § 2422(b). Specifically, she asserts that, at the time of her Florida convictions, the federal definition of "sexual activity" was narrower than Fla. Stat. Ann. § 800.04(a) because the term "sexual activity for which any person can be charged with a criminal offense" required

3

interpersonal contact and, in contrast, § 800.04(a) included criminal behavior that did not include touching.

Here, the federal coercion and enticement statute 18 U.S.C. § 2422(b) is contained in criminal chapter 117. At the time of Defendant's Florida convictions, 18 U.S.C. § 2427 provided that in chapter 117, "the term 'sexual activity for which any person can be charged with a criminal offense' includes the production of child pornography, as defined in section 2256(8)[.]" 18 U.S.C. § 2427 (1998). In 2023, Congress amended § 2427 to clarify that "the term 'sexual activity for which any person can be charged with a criminal offense' *does not require interpersonal physical contact*[.]" 18 U.S.C. § 2427 (2023); *see* 169 Cong. Rec. H6213-01, at Sec. 5102, 2023 WL 8490257 (Dec. 6, 2023). "Congress may amend a statute simply to clarify existing law, to correct a misinterpretation, or to overrule wrongly decided cases. Thus, an amendment to a statute does not necessarily indicate that the unamended statute meant the opposite." *United States v. Breeding*, 109 F.3d 308, 311 (6th Cir. 1997) (quoting *Hawkins v. United States*, 30 F.3d 1077, 1082 (9th Cir. 1994)). Here, the Court finds that Congress was indeed clarifying that § 2422(b), both before and after the December 2023 amendment, does not require interpersonal, physical contact. *See Breeding*, 109 F.3d at 311. Thus, § 2422(b) is not narrower than § 800.04(a) with respect to the particular sexual activity covered by each statute.

Defendant also asserts that § 800.04(a) is broader § 2422(b) because the Florida statute lacks a *mens rea* and the federal statute requires a knowing intent. However, lewd or lascivious battery is a "general intent" crime. *See United States v. Ettinger*, 344 F.3d 1149, 1158 (11th Cir.2003) ("Where no specific intent element is apparent on the face of the statute, the crime is one of general intent."). "[A] defendant need not intend to violate the law to commit a general intent crime, but he must actually intend to do the act that the law proscribes." *United States v.*

4

*Phillips*, 19 F.3d 1565, 1576–77 (11th Cir. 1994). Because 18 U.S.C. § 2422(b) has a "knowing" *mens rea*, Fla. Stat. § 800.04(4)(a) requires a comparable intent. In sum, Defendant is properly classified as a Tier II offender and her objections to the relevant paragraphs contained in the PSR are **OVERRULED**.

Turning to Defendant's remaining objections, she asserts that the recommendation that she be required to submit to a psychosexual assessment as a condition of supervision is not warranted and should not be imposed [Doc. 22, pgs. 10, 11]. In support, she states that she had a psychosexual assessment in 2016 and that her failure to register is not a sex offense [*Id*.]. Pursuant to Standing Order 15-06, however, this Court may include submission to a psychosexual assessment as a condition of supervision "for a defendant who (1) is convicted of a sex offense as defined under [SORNA]; or (2) is otherwise required to register with any local, state, or federal sex offender registry; or (3) has a history that may otherwise justify the need for additional conditions." E.D. Tenn. SO-15-06.

Here, although the instant offense of conviction is not a sex offense, Defendant is required to register under SORNA and failed to do so after she moved to her boyfriend's residence where, of particular importance, she lived with two minor children [*See* Doc. 24, pg. 4]. Given Defendant's history and characteristics, including the prior revocation of her probation at the state level, and the nature and circumstances of the instant offense, the Court agrees with the USPO that the condition is necessary to assist Defendant with rehabilitation and to protect the public. Accordingly, Defendant's objection to ¶ 69(h) of the PSR is **OVERRULED**. As for Defendant's factual objections, the USPO adequately addressed each of them in the Addendum to the PSR and they do not affect Defendant's guideline range. Thus, they are considered **MOOT**.

### III. CONCLUSION

Accordingly, the Court shall **OVERRULE** Defendant's objection [Doc. 22, pgs. 1-10] to the PSR and find she is a Tier II offender. The PSR's calculations are correct and shall be adopted by the Court [Doc. 16; ¶ 19]. The Court shall **OVERRULE** Defendant's objection [Doc. 22, pgs. 10-11] to completing the psychosexual assessment as recommended in paragraph 69(h) of the PSR. Defendant's factual information objections [Doc. 22, pgs. 11-13] are adequately addressed in the PSR Addendum. *See* Doc. 24, pgs. 5-6.

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge